UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REBECCA FLEXTER,**

      **Plaintiff,**

  v.                                    Case No.: 2:15-cv-754
                                           JUDGE SMITH
                                           Magistrate Judge Jolson

**ACTION TEMPORARY
SERVICES, INC.,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Action Temporary Services, Inc.'s (hereinafter, "ATS" or "Defendant") Second Motion for Partial Summary Judgment (Doc. 47). Plaintiff Rebecca Flexter responded to the Motion (Doc. 48) but Defendant did not file a reply. The Motion is fully briefed and is ripe for disposition. For the following reasons, Defendant's Motion is **DENIED**.

### I.    BACKGROUND

**A.    Procedural Background**

Plaintiff initially commenced this matter by filing a Class and Collective Action Complaint alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq.* ("Fair Wage Act") (Doc. 1). Plaintiff sought to recover unpaid wages from ATS for hours worked before and after paid shifts on behalf of herself and others similarly situated. On March 25, 2016, this Court denied Plaintiff's Motion for Conditional Certification of the proposed collective class (Doc. 34). Plaintiff then filed a Motion for Leave to File an Amended Complaint

to add a contractual and equitable basis for gap-time recovery (Doc. 39).  Plaintiff filed her Amended Individual Complaint on June 9, 2016 (Doc. 42), and the present Motion followed.

**B.      Factual Background**

Plaintiff Rebecca Flexter worked as a flagger for ATS as an hourly employee from approximately 2011 through November 2014.  ATS is a staffing agency with several offices located in and around Central and Eastern Ohio.  ATS staffs flaggers for construction contractors in Ohio.  Plaintiff alleges that she was required to work "off the clock" time when she was assigned to work for two such companies—MasTec and Pike Electric.  Specifically, Plaintiff testified that she would typically arrive at the job site at least thirty minutes before the work crews to gather and set up signs.  Similarly, Plaintiff testified it would take her an additional thirty minutes to collect and store the signs after the work crews finished their work for the day.  Plaintiff alleges that while working for MasTec and Pike Electric in particular, she was not compensated for this time.  Plaintiff alleges that she frequently worked forty or more hours per workweek and would have received overtime compensation, or additional overtime compensation, if these unpaid hours had been properly included in her paid time.

## II.     STANDARD OF REVIEW

Defendant moved for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient

evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id*. at 249-50.

The party seeking summary judgment shoulders the initial burden of presenting the court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury").  In considering the factual allegations and evidence presented in a motion for summary judgment, the Court must "afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Id*.

### III. DISCUSSION

Defendants have moved for partial summary judgment on two issues: (1) that there is no genuine issue of material fact that ATS acted in good faith and with reasonable grounds and therefore liquidated damages are not proper; and (2) any alleged violations of the FLSA, or Ohio law, were not willful.  (Doc. 47, Mot. at 1).  Plaintiff generally argues that genuine issues of material fact exist and partial summary judgment is inappropriate for each of the two issues cited above.  The Court will address each of Defendant's arguments in turn.

A.     **Defendant's Good Faith Defense Against Liquidated Damages**

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (quoting 29 U.S.C. § 216(b)). "Liquidated damages under the FLSA 'are compensation, not a penalty or punishment.'" *Id.* (quoting *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971)).

"Although liquidated damages are the norm and have even been referred to as "*mandatory,*" see, e.g., *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3rd Cir. 1991) ("*Cooper Elec. Supply*") (emphasis in original), Congress has provided the courts with some discretion to limit or deny liquidated damages." *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004) ("*Martin*"). Courts may limit or deny liquidated damages if "'the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith **and** that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Elwell*, 276 F.3d at 840 (quoting 29 U.S.C. § 260) (emphasis added). With respect to this two-prong showing that is required of employers, the good faith component of the test is subjective and the reasonable grounds component is objective. *Hoge v. Honda of Am. Mfg., Inc.*, No. 2:00-CV-995, 2002 WL 1584274, at *2 (S.D. Ohio May 3, 2002) (Sargus, C.J.). "To prove that it acted in good faith, an employer 'must show that [it] took affirmative steps to ascertain the Act's requirements, but nonetheless violated its provisions.'" *Martin*, 381 F.3d at 584 (6th Cir. 2004) (citing *Cooper Elec. Supply*, 940 F.2d at 908).

Here, ATS has submitted substantial evidence that it took affirmative steps to comply with the requirements of the FLSA. Valerie Arbaugh, the President and CEO of ATS, submitted

4

a declaration stating that she has at all times been responsible for the development and implementation of human resources policies of ATS including policies concerning compliance with applicable wage and hour laws. (Doc. 25-1, Arbaugh Decl. at ¶ 4). Arbaugh states that she keeps abreast of current FLSA requirements by reading publications and updates from Rea & Associates and The Business Journal, receiving counsel from her attorney and accountant, and attending conferences and seminars. (*Id.* at ¶ 4). Arbaugh states that she communicates these policies and procedures to ATS in-house staff through quarterly staff meetings. (*Id.* at ¶ 10). Plaintiff does not dispute these facts and the Court finds this evidence sufficient to support a finding that ATS acted in good faith by taking affirmative steps to ascertain the FLSA's requirements.

Next the Court turns to whether ATS had reasonable grounds to believe that the acts or omissions alleged by Plaintiff were not violations of the FLSA. Plaintiff alleges that she was not paid for her off the clock work while she set up and tore down road signs before and after her shifts while working for ATS clients. Plaintiff testified that she communicated her problems about her job assignments to both her onsite managers who worked for ATS's clients the ATS office itself. (Doc. 38-2, Flexter Dep. at 29, 30, 92). Defendant has submitted evidence to the contrary. Both Arbaugh and Robin Vaughn, the ATS Office Manager at all times relevant, stated that Flexter never complained to them regarding her nonpayment or underpayment for off the clock work. (Doc. 25-1, Arbaugh Decl. at ¶ 17; Doc. 38-1, Vaughn Dep. at 68–68). This conflicting testimony alone raises a genuine issue of material fact and precludes summary judgment. It is well settled that district courts "may not weigh evidence or make credibility determinations" at the summary judgment stage. *Hosang v. Ohio Dep't of Pub. Safety*, No. 2:01-CV-00623, 2005 WL 1514133, at *1 (S.D. Ohio June 23, 2005) (Graham, J.) (citing *Adams v.*

*Metiva*, 31 F.3d 375, 379 (6th Cir. 1994)).  As Plaintiff points out, summary judgment cannot be granted where "plaintiff's own 'deposition testimony clearly creates a genuine factual issue'" as to whether Defendants "'knew she was working off the clock.'"  *Moran v. Al Basit LLC*, 788 F.3d 201, 206 (6th Cir. 2015) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 596 (6th Cir. 2009)).

The Court also notes that it finds little to no evidentiary value in the declarations of 24 current and former ATS flaggers that all report being paid for all of the time they were on jobsites.  First and foremost, this evidence may be probative to the issue of whether ATS has a violative, company-wide policy for not fully compensating its flaggers, but the Court has already ruled on this issue when it denied conditional certification to plaintiff's proposed opt-in class. The declarations do not, however, speak to whether or not ATS acted reasonably with respect to Plaintiff's individual claims.  None of the declarations address Flexter's personal claims or even reference her.  This is especially true in light of the fact that Plaintiff frequently worked alone on jobsites. (Doc. 38-2, Flexter Dep. at 93).

Because genuine issues of material fact exist as to whether ATS acted objectively reasonable with regards to the acts or omissions alleged by Plaintiff, Defendant's Motion for Partial Summary Judgment with respect to Defendant's good faith defense is **DENIED**.

B.     **Applicable Statute of Limitations and Defendant's Willfulness**

Next, Defendant claims it is entitled to summary judgment on the issue of whether any of the alleged FLSA violations were willful on its part.  Defendant claims that the company protocols detailed in the section above are evidence that the company took measures to ensure no employees' rights under the FLSA were violated.  Plaintiff, relying on the same reasoning it set forth in opposition to Defendant's good faith defense, argues that the Court cannot grant

6

summary judgment in favor of Defendant on this issue without making credibility determinations in Defendant's favor.

"An ordinary violation of the FLSA is subject to a two-year statute of limitations." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966 (6th Cir. 1991) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988)). "However, where a violation is willful a three-year statute of limitations applies." *Id.* "Under federal law, to establish willfulness, the plaintiff must demonstrate that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA." *Claeys v. Gandalf, Ltd.*, 303 F. Supp. 2d 890, 893 (S.D. Ohio 2004) (Marbley, J.) (citing *McLaughlin*, 486 U.S. at 133). "A willful violation requires that the employer acted recklessly, at least; it is not sufficient that the employer acted unreasonably." *Cook v. Carestar, Inc.*, No. 2:11-CV-00691, 2013 WL 5477148, at *13 (S.D. Ohio Sept. 16, 2013) (Marbley, J.) (citing *Claeys*, 303 F. Supp. 2d at 893).

In the present case, the same conflicting evidence cited in the section above is relevant to the issue of willfulness. Namely, Plaintiff's testimony conflicts with that of ATS's witnesses on the subject of whether ATS was aware of Plaintiff's problems related to off the clock work. The Court cannot grant summary judgment in favor of Defendant without making a credibility determination. As such, a genuine issue of material fact exists and Defendant's Motion for Partial Summary Judgment on the issue of willfulness is **DENIED**.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion for Partial Summary Judgment is **DENIED**. The Clerk shall **REMOVE** Document 47 from the Court's pending motions list. If the parties wish to participate in mediation, they should contact Judge Smith's chambers at (614) 719-3220 to schedule a mediation.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**